IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TIMOTHY HAITHCOX,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER D. ABBOTT,<br><br>Defendant. | CV 16-00072-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Timothy Haithcox, a prisoner proceeding without counsel, filed a motion to proceed in forma pauperis (Doc. 1) and proposed complaint (Doc. 2). The motion to proceed in forma pauperis will be granted. However, the Complaint fails to state a federal claim for relief and should be dismissed.

I. **Motion to Proceed in Forma Pauperis**

Mr. Haithcox's motion to proceed in forma pauperis is sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Because he is incarcerated, Mr. Haithcox must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Mr. Haithcox submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case. *See Bruce v. Samuels*, __ U.S. __, 136 S.Ct 627, 629 (2016) ("the initial partial

1

filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Mr. Haithcox will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Haithcox must make these monthly payments simultaneously with the payments required in any other cases he has filed. *Id*. By separate order, the Court will direct the facility where Mr. Haithcox is held to forward payments from Mr. Haithcox's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening Pursuant to 28 U.S.C. § 1915

### A. Standard

As Mr. Haithcox is proceeding in forma pauperis, the Court must screen the action under 28 U.S.C. § 1915. This statute requires the Court to review a pleading filed in forma pauperis and dismiss it or portions thereof before it is served upon the defendant if it finds that the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which

relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, "a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . " *Snell v. Cleveland*, Inc., 316 F.3d 822, 826 (9th Cir. 2002).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94; *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice.").

**B. Analysis**

Mr. Haithcox is bringing claims against his public defender Christopher Abbott. Mr. Haithcox argues Mr. Abbott's representation of him was insufficient and Mr. Abbott sent him his medical records without putting them in a sealed envelope. (Complaint, Doc. 2.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In *Polk County v. Dodson,* 454 U.S. 312 (1981), the United States Supreme Court held that public

3

defenders do not act "under color of state law" when performing traditional lawyer duties. *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2003) (en banc). Consequently, Mr. Haithcox cannot state a federal claim against Mr. Abbott because he is not a state actor. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982).

This matter should therefore be dismissed.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Haithcox's Motion to Proceed in Forma Pauperis (Doc. 1) is **GRANTED**. The Clerk shall file the Complaint without prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on August 3, 2016.

3. At all times during the pendency of this action, Mr. Haithcox shall immediately advise the Court of any change of address and its effective date. Failure to file a "Notice of Change of Address" may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be **DISMISSED**. The Court should direct the Clerk of Court to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Court should direct the Clerk of Court to have the docket reflect that the Court certifies, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

3. The Court should direct the Clerk of Court to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Haithcox failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Haithcox may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the district court's final judgment.

DATED this 31st day of August, 2016.

John Johnston
United States Magistrate Judge