

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TIMOTHY HAITHCOX, <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTOPHER D. ABBOTT, <br><br> Defendant. | CV 16–72–H–DLC–JTJ <br><br> ORDER |

United States Magistrate Judge John T. Johnston entered findings and recommendations in this case on August 31, 2016, recommending that Plaintiff Timothy Haithcox's ("Haithcox") complaint be dismissed for failing to state a claim upon which relief may be granted. Haithcox timely filed an objection to the findings and recommendations, and so is entitled to a de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v.*

-1-

*Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

After granting Haithcox's motion to proceed in forma pauperis, Judge Johnston reviewed Haithcox's complaint under 28 U.S.C. § 1915. Section 1915 requires dismissal of a case if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1985). A complaint filed by a *pro se* litigant is to be liberally construed and even if it is "inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Judge Johnston concluded, and this Court agrees, that the deficiencies in Haithcox's pleadings cannot be cured, and that dismissal is appropriate because Haithcox does not allege any viable claim. Haithcox contends that his attorney's representation was insufficient because the attorney sent him medical records without putting them in a sealed envelope. Judge Johnston's finding that an attorney's performance of traditional lawyer duties does not constitute an act under "the color of state law" is correct. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal

proceeding.") Thus, Haithcox cannot proceed under a § 1983 claim.

Haithcox's objections are without merit. He does not reference Judge Johnston's findings and recommendations in any way, but rather continually reiterates that his HIPPA privacy rights were violated. As stated above, his attorney's actions do not involve actions "under the color of state law," and Haithcox's claim is therefore not appropriate under a § 1983 claim. Further, having failed to specifically object to any of Judge Johnston's findings and recommendations, the Court reviews the record for clear error, and, finding none,

IT IS ORDERED that Judge Johnston's findings and recommendations (Doc. 4) are ADOPTED IN FULL. This case is DISMISSED WITH PREJUDICE. The Clerk of Court shall CLOSE this case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that the Court certifies, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, that any appeal of this decision would not be taken in good faith.

DATED this 28th day of September, 2016.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court